UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHATASIA BUCKNER,<br><br>                              Plaintiff,<br><br>-against-<br><br>THE STATE OF PENNSYLVANIA, et al.,<br><br>                              Defendants. | 23-CV-6649 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, New York, filed this *pro se* action invoking the court's federal question jurisdiction. She names as defendants: (1) the State of Pennsylvania; (2) Luzerne County Family Court; (3) Stefanie J. Salavantis; (4) Chanel Buckner; and (5) Russell Luke King. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Middle District of Pennsylvania.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff, who resides in Brooklyn, Kings County, New York, brings claims in connection with child custody proceedings in the Luzerne County Family Court in Pennsylvania. She asserts that Defendants State of Pennsylvania, Luzerne County Family Court, Salavantis, and Buckner are located in Pennsylvania and Defendant King resides in New Jersey. Because Plaintiff does not allege that any of the defendants reside in this district[1] or that a substantial part of the events or omissions underlying her claim arose in this district, venue does not appear to be proper in this court under Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a federal civil action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff alleges that the events giving rise to her claims occurred in Luzerne County, Pennsylvania, which is located in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b). Accordingly, venue lies in the Middle District of Pennsylvania under Section 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania, 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

---

[1] This federal judicial district – the Southern District of New York – includes the following counties within the State of New York: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 1, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge